1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

L. SEVILLE PARKS,                              )
                                               )        3:06-CV-00095-LRH (VPC)
           Plaintiff,                          )
                                               )
    vs.                                        )        **REPORT AND RECOMMENDATION**
                                               )        **OF U.S. MAGISTRATE JUDGE**
DEBRA BROOKS, ET AL.,                          )
                                               )
           Defendants.                         )        January 11, 2007
_____        )

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for a temporary

restraining order and preliminary injunction (#42).  Defendants opposed (#93).  The court has

thoroughly reviewed the record and the motion and recommends that plaintiff's request for a

temporary restraining order and preliminary injunction (#42) be denied.

**I.  HISTORY & PROCEDURAL BACKGROUND**

        Plaintiff L. Seville Parks, a *pro se* prisoner, is currently incarcerated by the Nevada

Department of Corrections ("NDOC") at the Ely State Prison ("ESP") (#15).  Plaintiff brings his

complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials violated (1) his right to be

free from retaliation for exercising his First Amendment rights; (2) his First Amendment right to

freedom of religion; (3) his Fourth Amendment right to be free from unreasonable searches; (4)

his Eighth Amendment right against cruel and unusual punishment; and (5) his Fourteenth

Amendment right to equal protection (#15).  Plaintiff names as defendants E.K. McDaniel, ESP

warden; Debra Brooks, ESP associate warden; Adam Endel, ESP associate warden; Glen

Whorten, NDOC director; and Greg Cox, NDOC Deputy Director.[1]  *Id.*

Plaintiff is located in Unit 3 at ESP, which is a lockup unit; thus, plaintiff does not have physical access to the library because of his classification (#93).  On June 12, 2006, plaintiff filed a motion for a temporary restraining order and preliminary injunction seeking an order requiring defendants to allow him access to the courts (#42).

The court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Preliminary Injunction

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief...

18 U.S.C. § 3626(a)(2).

---

[1] Plaintiff originally filed suit in the Seventh Judicial Court of Nevada on January 30, 2006 (#1).  On February 17, 2006 defendants removed to federal court pursuant to 28 U.S.C. § 1441(a) - (c) based on the fact that the plaintiff's claim is an action arising under the laws of the United States over which this District Court has original jurisdiction. *Id.*  The plaintiff's complaint was dismissed on April 4, 2006 (#11), and the plaintiff filed an amended complaint on April 12, 2006 (#15).  On May 12, 2006, the District Court issued an order dismissing the State of Nevada and all defendants in their official capacity (#27).  On July 18, 2006, this court granted the defendants' motion to have plaintiff declared a vexatious litigant (#63).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813.

Preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to hear the lawsuit on its merits. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

### 2. Meaningful Access to the Courts

The state must provide access to an adequate law library or the assistance of persons with legal training. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The state may choose the means of access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "When an adequate method of access is provided and an inmate does not avail

himself of it, he may not insist on an avenue of his choosing." *Id.*  A regulation related to library access that arguably impinges on First Amendment rights "is valid if reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  An inmate must show that a violation of his First Amendment right of access to the courts caused him actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

### 3. Prison Regulations

NDOC inmate access to the law library is governed by Administrative Regulation ("AR") 722, section 1.3.2 of which states:

> Segregated inmates are to be provided access to loose-leaf materials, i.e., statutes, regulations, directives, etc.  Specific procedures and/or statutes requested by segregated inmates are to be copied by the law library and taken to the segregated inmates upon request.  The segregated inmate can then review the specific statute/procedure and then the copy is to be returned to the law library for future use.  The copies belong to the law library and must be checked out by the inmate and returned to the law library. An inmate who does not return the copies will be subject to disciplinary actions, i.e., theft of state property.

#93, Ex. E, p. 5.  Further, AR 722, section 1.4.1 states "[a]ccess to legal supplies/resource materials shall be provided to inmates in segregation similar to access afforded to inmates in the general population except that direct physical access to the law library is not required." *Id.*, p. 11.

ESP Institutional Procedure ("IP") 7.14 governs law library access specific to ESP (#93, Ex. F).  I.P. 7.14(2) states "An inmate may request legal forms and/or publications through the law clerks.  The request will be returned to the ESP Law Library supervisor.  Materials and publications will generally be delivered by an officer to the inmate the next day following the request" (#93, Ex. F, p. 3).  Further, I.P. 7.14(2) states "Inmates not allowed access to the Law Library are authorized to request books and legal materials from the Law Library using form DOC 3040." *Id.*, p. 4.  Finally,  I.P. 7.14(4) states "***Legal supply requests and book requests must be***

4

*on a separate DOC 3040 form*." *Id*., p. 6 (emphasis in original).

### B. Analysis

Plaintiff contends that the defendants have imposed barriers upon him such that his access to the courts is impeded (#42). Specifically, plaintiff argues that ESP prison officials "have 'only' provided Plaintiff Parks, with one photcopy [sic] of a specific case law or rule of the courts, the piecemeal approach impedes and prejudices Plaintiff Parks, timely filing of legal pleadings and motion as order by this court." *Id*. (quotations in original). The plaintiff alleges that the prison began a policy of giving him a photocopy of one case, rather than a whole book, "every three days" after he allegedly damaged some books five and one-half years ago. *Id*. Plaintiff presents an affidavit and attaches law library supply and book request forms that he alleges the prison denied him, although there do not appear to be any notations from prison officials denying the request (#43). Plaintiff also includes grievance forms he filed, at least one of which includes a response from defendant Endel, which states, "Your legal needs are being met. Maybe not to your satisfaction. You have destroyed law books and still are very disruptive." *Id*. (response from A. Endel dated May 31, 2006). Additionally, plaintiff filed a declaration in support of his motion, attaching another law library supply and book request form that he used to request cases and legal supplies (#58). The response from prison officials on the form states, "Per IP 7.14 legal supplies and request for book must be on a separate Doc 3040 form." *Id*. Plaintiff contends that this rule was "made up" by the law librarian and was specific only to him in retaliation for filing grievances. *Id*.

Defendants note that the plaintiff is located in Unit 3, which is a lockup unit; thus, plaintiff does not have physical access to the library because of his classification (#93). Further, plaintiff has a history of disciplinary problems, including two incidents of destroying law books.

*Id.*  Due to this history, ESP's warden has directed the library not to give plaintiff any law books based on the fact that his behavior was costly and deprived other inmates of access to the courts. *Id.*  Therefore, plaintiff may only receive file folders containing loose-leaf materials, i.e., statutes, regulations, and/or directives and copies of cases.  *Id.*  The defendants contend that plaintiff refuses to correctly fill out the requests for legal materials or supplies pursuant to Institutional Procedure 7.14, which requires that inmates use a separate form when requesting legal materials versus legal supplies.  *Id.*  According to defendants, this procedure is in place to prevent inmates from claiming that they have only received legal materials and not supplies, or vice-versa.  *Id.*, Ex. A, ¶ 9.  Defendants argue that plaintiff is aware of the correct procedure because "when Inmate Parks is truly in need of either legal supplies or books/materials, he submits a correctly filled out NDOC 3040 form and his request is fulfilled accordingly." *Id.*, Ex A, ¶ 11; *see also* and *compare* #93, Ex. G (plaintiff's NDOC 3040 forms that were denied for improper procedure) *with* #93, Ex. H (plaintiff's NDOC 3040 forms that were granted for proper procedure).  Thus, defendants contend that plaintiff has access to the courts, but that his "outright refusal to comply with relevant ARs and IPs" prevents his receipt of legal materials on occasion (#93).  Defendants' position is that when the plaintiff decides to comply with the rules, he receives requested materials.  *Id.*  Further, the plaintiff does not have to wait three days between requests – should the plaintiff finish with the legal materials before the three day period expires, he is able to obtain more materials.  *Id.*

### 1. Likelihood of Success on the Merits

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).  "Likelihood of success on the merits" has been described as a

1    "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-

2    29 n.2 (9th Cir. 1970).

3          Initially, the court notes that it has essentially already ruled on this issue.  As the

4    defendants point out, in the court's minute order of July 18, 2006, the court stated in response to

5    a motion containing similar complaints filed by plaintiff:

6

7                  Although plaintiff's motion is largely unintelligible, the court
                   concludes that plaintiff is seeking to have the court order the

8                  prison to provide him with his own copy of the Federal Rules of
                   Civil Procedure and the Local Rules of this court and/or to order

9                  that plaintiff be permitted to obtain five law books at one time
                   (#28).  Defendants opposed the motion (#34) and state that

10                 plaintiff's access to the court is controlled by NDOC
                   Administrative Regulation 722 and Ely State Prison's Institutional

11                 Procedure 7.14.

12

13                 Because plaintiff is in disciplinary segregation, he is not allowed
                   physical access to the law library and must request legal supplies

14                 and books on a DOC 3040 form (#34).  I.P. 7.14.  For the past
                   three years staff at Ely State Prison have been instructed by

15                 Associate Warden of
                   Programs Adam Endel that plaintiff is not to be given any law

16                 books or other materials due to the fact that plaintiff has destroyed
                   law library books and other materials on no less than two

17                 occasions in the past (#34 - Ex C).  If plaintiff requests specific
                   information on a DOC 3040 form, law clerks and law library staff

18                 would ensure that plaintiff receives the requested information via
                   copies of the same.  *Id.*  Plaintiff refuses to properly use the DOC

19                 3040 form and has been informed that he is using the form
                   improperly; however, plaintiff has expressly stated that he does not

20                 need to comply.  *Id.* at Ex. C. Therefore, plaintiff's law library
                   requests are not fulfilled. *Id.*

21

22

23                 The court finds that plaintiff does have access to legal supplies and
                   law materials.  All plaintiff needs to do to exercise that access is

24                 properly use the DOC 3040 form. Therefore,

25                 **IT IS ORDERED** that plaintiff's motion for order (#28) is
                   **DENIED**.

26

27    (#62).

28

                                        7

It is clear that the plaintiff makes the same argument here; that is, that he is not subject to the rule that requires he request legal books and legal supplies separately, or alternatively, that there is no such rule.  In a declaration supporting his motion, plaintiff states

> I.P. 7.14 is Imitation AR 722 supreme court law library nv. again state no such information the state-federal courts have provided only (2) legal forms 3040 thats states law library supply _and_ book request form the word and _means_ (<u>together</u>).  Repeatedly Debra Lightsey making up her own <u>rules</u>.  When the state-federal courts provide plaintiff/prisons jails-camps with a separate form for legal supplies and separate form for law books I will use the separate for 3040 until than I will not.  I will use the 3040 form the state-federal courts and N.D.O.C. provides for plaintiff to use.

(#58, pp. 1-2) (emphasis in original).  As noted above, I.P. 7.14(4) states "***Legal supply requests and book requests must be on a separate DOC 3040 form***."  *Id*., p. 6 (emphasis in original).  Thus, the plaintiff's contentions are incorrect.

All plaintiff must do to have access to the courts is to follow prison rules.  "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing."  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The court concludes that the plaintiff does have access to the courts, but impedes that access by his failure to comply with IP 7.14.  Thus, plaintiff is not likely to prevail on the merits of his access to courts claim.

Further, the defendants have stated that the plaintiff may request case law in under three days if he has finished with the previously requested case law and returns materials to the law library (#93, Ex. A, ¶ 10).  The rule is that legal materials may be checked for "one consecutive three (3) day period;" it does not require that an inmate *keep* the materials for three days or that an inmate can only request materials every three days (#93, Ex. A, ¶ 10).  Plaintiff's claim that he must possess "useless" case law for three days (#42) is untrue.

## 2. Irreparable Injury

To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991) *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury is a prerequisite to preliminary injunctive relief").

Plaintiff has failed to demonstrate threatened injury. It is clear to the court that the plaintiff's access to the courts is not denied when he complies with prison rules; therefore, there is no finding of irreparable injury to the plaintiff.

## 3. Balance of Hardships and the Public Interest

Because the court finds that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court has not addressed the balance of hardships or public interest elements.

## 4. Alternative Test

Aa an alternative to the four traditional equitable criteria for relief through preliminary injunction, plaintiff may prove either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. *Southwest Voter Registration Educ. Project*, 344 F.3d at 917 (emphasis added). As states above, the court concludes that plaintiff has not shown that the plaintiff cannot meet the first alternative test – a likelihood of success on the merits and irreparable injury.

Regarding the second alternative test, the plaintiff has not raised any serious questions as to the merits of his claim, as the plaintiff is not being denied access to the courts as long as he follows the rules of the prison.  Plaintiff has not met the second alternative test.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated a likelihood of success on the merits, has failed to show irreparable injury, and has not raised serious questions as to the merits of his claim.  As such, the court recommends that plaintiff's motion for a temporary restraining order and preliminary injunction (#42) be **DENIED**.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order and preliminary injunction (#42) be **DENIED**.

**DATED:** January 11, 2007.

_Valerie P. Cooke_

_____
**UNITED STATES MAGISTRATE JUDGE**