UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| L. SEVILLE PARKS,<br><br>    Plaintiff,<br><br>v.<br><br>DEBRA BROOKS, ADAM ENDEL, E.K. MCDANIEL, CLAUDE WILLIS, LORENA IRVIN, TONY JONES, RICHARD FALGE, LT. BOOK, ARTHUR NEAGLE, CALVIN PECK, PAUL HUNT, ROD LIGHTSEY, JAMES L. MITCHELL, DANIEL L. SCHMIDT, LANCE J. PIERCE, ROBERT GARDNER, CRAIG J. BYBEE, JOSEPH M. HOLIDAY, DAVID BRUMLEY, CHARLES COLEMAN, CINDY ULCH,<br><br>    Defendants. | 03:06-CV-00095-LRH-VPC<br><br>ORDER |

Presently before the court is plaintiff L. Seville Parks's ("Parks") Motion to Reconsider (# 29[1]) this court's May 8, 2006, Order (# 27). Defendants E.K. McDaniel, Debra Brooks, Adam Endel, Glen Whorton and Greg Cox (collectively, ("Defendants") have filed an opposition (#36), and Parks replied (# 29).

It is unclear to the court what relief Parks seeks in his motion. However, it appears that Parks's motion may seek either clarification or reconsideration of the court's May 8, 2006, Order.

---

[1] Refers to this court's docket number.

To the extent Parks's motion seeks clarification of the court's May 8, 2006, Order (# 27), Parks's motion will be denied as the court finds its previous order clear and unambiguous.

With respect to reconsideration, Rule 60(b) of the Federal Rules of Civil Procedure provides,

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The bulk of Parks's motion appears to argue that his access to the court has been impeded by Defendants. For example, Parks asserts that he does not have access to a prison law clerk and is deprived of legal materials. On July 18, 2006, this court issued an order finding that plaintiff has access to legal supplies and law materials. (July 19, 2006, Minutes of the Court (# 62) at 2.) Thus, to the extent Parks seeks reconsideration of the court's May 8, 2006, order due to his inability to access the court, Parks' motion will be denied.

In addition to arguing that his access to the courts has been impeded, Parks asserts that the court erred in denying his request for counsel. However, Parks motion fails to demonstrate exceptional circumstances that would warrant court appointed counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Finally, Parks appears to assert that he needs more time to comply with the court's order. To the extent Parks needs additional time on matters relating to this litigation, the court directs Parks to file a separate motion for time. *See* Fed. R. Civ. P. 6(b).

Although it is difficult to discern what relief Parks is requesting, it appears that the above issues are the only issues raised by Parks's motion. In short, Parks's motion fails to demonstrate

1 | any of the reasons outlined in Rule 60(b) that would warrant reconsideration.  IT IS THEREFORE
2 | ORDERED that Parks's Motion to Reconsider (# 29) is hereby DENIED.
3 |     IT IS SO ORDERED.
4 |     DATED this 23rd day of March, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3